O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE INTERNATIONAL, INC., a Delaware corporation, Plaintiff, v. HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation; and HARTFORD CASUALTY INSURANCE COMPANY, an Indiana corporation, Defendants. | Case No. EDCV 06-1244-VAP (OPx) **[Motion filed on April 28, 2008]** **ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Defendants Hartford Fire Insurance Company and Hartford Casualty Insurance Company's Motion for Partial Summary Judgment came before the Court for hearing on May 19, 2008. Counsel for Defendants did not appear. After reviewing and considering all papers filed in support of, and in opposition to, the Motion, as well as the arguments advanced by Plaintiff's counsel at the hearing, the Court GRANTS the Motion.

## I. BACKGROUND

Plaintiff Thane International, Inc. ("Thane") filed a Complaint for Breach of Contract against Defendants Hartford Fire Insurance Company ("Hartford Fire") and Hartford Casualty Insurance Company ("Hartford Casualty") on November 14, 2006. The Complaint alleges that Defendants provided coverage under liability insurance policies. Plaintiff's First Claim seeks damages for breach of the duty to defend an underlying lawsuit, while Plaintiff's Second Claim seeks damages for breach of the duty to indemnify the "consideration paid to settle" that lawsuit. (Compl. ¶ 24.)

On April 28, 2008, Defendants Hartford Fire and Hartford Casualty filed a Motion for Partial Summary Judgment ("Motion" or "Mot."), seeking judgment in their favor on Thane's second claim for breach of the duty to indemnify. (Mot. at 1:2-7.) In support of the Motion, Defendants also filed a Separate Statement of Undisputed Facts ("Defs.' SUF"), a Request for Judicial Notice ("RJN"), the Declaration of Matthew A. Levy, and a Compendium of Exhibits ("Defs.' Ex."). Plaintiff filed Opposition ("Opp'n") on May 5, 2008, along with a Statement of Disputed Issues of Fact ("Pl.'s SDI"), the declarations of Jacqueline Bailey and Gary W. Osborne, and its own exhibits. Defendants filed their Reply on May 12, 2008.

## II. LEGAL STANDARD

A motion for summary judgment shall be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party must show that "under the governing law, there can be but one reasonable conclusion as to the verdict." Anderson, 477 U.S. at 250.

Generally, the burden is on the moving party to demonstrate that it is entitled to summary judgment. Margolis v. Ryan, 140 F.3d 850, 852 (9th Cir. 1998); Retail Clerks Union Local 648 v. Hub Pharmacy, Inc., 707 F.2d 1030, 1033 (9th Cir. 1983). The moving party bears the initial burden of identifying the elements of the claim or defense and evidence that it believes demonstrates the absence of an issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Where the non-moving party has the burden at trial, however, the moving party need not produce evidence negating or disproving every essential element of the non-moving party's case. Celotex, 477 U.S. at 325. Instead, the moving party's burden is met by pointing out that there is an absence of evidence supporting the non-moving party's case. Id.

The burden then shifts to the non-moving party to show that there is a genuine issue of material fact that must be resolved at trial. Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324; Anderson, 477 U.S. at 256. The non-moving party must make an affirmative showing on all matters placed in issue by the motion as to which it has the burden of proof at trial. Celotex, 477 U.S. at 322; Anderson, 477 U.S. at 252. See also William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 14:144.

A genuine issue of material fact will exist "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court construes the evidence in the light most favorable to the non-moving party. Barlow v. Ground, 943 F.2d 1132, 1135 (9th Cir. 1991); T.W. Electrical Serv. Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987).

## III. UNCONTROVERTED FACTS

The following material facts are supported adequately by admissible evidence and are uncontroverted. They are "admitted to exist without controversy" for the puposes of this Motion. See Local Rule 56-3.

///

Defendant Hartford Casualty provided Plaintiff with Commercial General Liability ("CGL") insurance coverage from August 13, 2000, to August 13, 2001, and Defendant Hartford Fire provided such coverage from August 13, 2001, to August 13, 2002. (Defs.' SUF Nos. 3-4.) The Hartford Casualty and Hartford Fire insurance policies (the "Policies") are "materially similar" with respect to CGL coverage and related exclusions.[1] (Defs.' SUF No. 21.)

The Policies provide the following coverage:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies.

(Defs.' SUF No. 13.)

On August 17, 2001, Interactive Marketing Technology, Inc. ("IMT") filed suit in the California Superior Court for the County of Los Angeles against Christopher Atkins and Rocky River Outdoor Products, Inc. ("Rocky River"). (Defs.' SUF No. 22.) On February 7, 2002, Rocky River

[1]For ease of reference, the Court will quote from and refer to the language of the Hartford Casualty policy, in light of the parties' agreement that the two policies are similar in all material respects. (Pl.'s SDI ¶ 21.)

and Atkins filed a cross-complaint naming Plaintiff Thane as a cross-defendant. (Defs.' SUF No. 23.) In the Seventh Cause of Action, brought by Atkins against Thane and IMT, the cross-complaint alleged that Thane had misappropriated Atkins's name and likeness in marketing a fishing lure invented by Atkins. (Defs.' SUF Nos. 24, 32.) The other claims in the cross-complaint against Thane were brought by Rocky River and alleged conspiracy to commit fraud, common law trademark infringement, unfair competition, breach of contract, and sought an accounting. (Defs.' SUF Nos. 27-31.)

Plaintiff tendered the defense of the cross-complaint to Defendants on March 5, 2002, and Defendants disclaimed coverage. (Defs.' SUF Nos. 34-40.)

On November 15, 2002, the parties in the underlying action entered into a settlement agreement and general release. (Defs.' SUF No. 41.) The settlement agreement required Thane to "cause to be delivered" approximately 100,000 of the manufactured fishing lures to Rocky River, a term defined by the agreement to include Mr. Atkins. [Defs.' Ex. I (settlement agreement) at I-225-26.] Thane claims the cost it incurred as a result of the settlement agreement to be $500,000, or the amount it paid to purchase the fishing lures it was required to turn over

to Rocky River. [Defs.' Ex. I (Thane's Amended Disclosure) at I-223-24.]

On November 4, 2006, Plaintiff filed suit in this Court alleging Defendants' breach of the duty to defend and the duty to indemnify. (Defs.' SUF No. 50.) By Order dated March 15, 2008, the Court granted Plaintiff's motion for partial summary judgment and ruled that Defendant Hartford Casualty had a duty to defend Plaintiff in the underlying action. (Defs.' SUF No. 53.)

## IV. DISCUSSION

Defendants contend they should be granted summary judgment on Plaintiff's Second Claim for breach of the duty to indemnify, because no such duty ever arose under the Policies. Specifically, Defendants argue that they have no duty to indemnify Plaintiff for the "consideration paid to settle" the underlying lawsuit, (Compl. ¶ 24), because the settlement agreement entered into by Plaintiff was based on claims that were not covered by the Policies. (Mot. at 9:10-18.) As set forth below, the Court finds as a matter of law that Defendants had no duty to indemnify Plaintiff for the obligation it incurred under the settlement agreement, without regard to whether the agreement settled covered or uncovered claims.

California courts have interpreted language in CGL policies covering "those sums that the insured becomes legally obligated to pay as damages" to provide only for indemnification of "money ordered by a court" to be paid, and not for indemnification of settlement costs. Certain Underwriters at Lloyd's of London v. Superior Court, 24 Cal. 4th 945, 963 (2001) ["Powerine I"]; Aerojet-General Corp. v. Commercial Union Ins. Co., 155 Cal. App. 4th 132, 143 (2007). In the decision known as Powerine I, for the name of the insured oil refinery, the California Supreme Court interpreted the phrase "all sums that the insured becomes legally obligated to pay as damages," as used in a standard CGL insurance policy. Powerine I, 24 Cal. 4th at 950. The court concluded that the insurer's duty to indemnify under a policy with that provision "is limited to money ordered by a court. It does not extend to all sums, or even any sum, that the insured becomes legally obligated to pay other than as damages." Id. at 964. As a result, the court held that the insurers had no duty to indemnify the insured for expenses required by an administrative agency as environmental clean-up costs. Id. at 951.

In Aerojet, the California Court of Appeal applied the reasoning of Powerine I to conclude that "the settlement costs incurred by [the insured] are not damages, and thus are not within the policies' indemnity

obligations." 155 Cal. App. 4th at 143. The liability insurance policies at issue in Aerojet similarly limited the scope of indemnity coverage to "all sums which the Assured shall become legally obligated to pay, or by final judgment be adjudged to pay, to any person or persons as damages." Id. The court therefore concluded that the insured's costs under a settlement agreement negotiated in the underlying action were outside the scope of the policy's indemnity provision. Id.

Here, the Policies similarly provide for payment of "those sums that the insured becomes legally obligated to pay as damages because of 'personal injury' or 'advertising injury' to which this insurance applies." [Defs.' Ex. C (Hartford Casualty policy) at C-40.] Plaintiff entered into a settlement agreement resolving the claims in the underlying case. Setting aside the parties' disputes over whether the cost of an in-kind payment may be indemnified, and whether the cost may be allocated to a covered claim, the larger issue is whether Plaintiff can be indemnified for any settlement cost. The cost Plaintiff became obligated to bear under the terms of the settlement agreement -- the value of the fishing lures -- was not a damages award ordered by a court. Powerine I, 24 Cal. 4th at 963; Aerojet, 155 Cal. App. 4th at 143. Accordingly, Defendants had no duty to

indemnify Plaintiff, and they are entitled to summary judgment on Plaintiff's Second Claim.[2]

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion for Partial Summary Judgment.

Dated: May 22, 2008

VIRGINIA A. PHILLIPS
United States District Judge

---

[2] The conclusion that Defendants do not have a duty to indemnify does not mean they cannot be liable for Plaintiff's settlement costs, however. Where an insurer "improperly refuses to defend the insured in violation of its contractual duties, the insured is entitled to make a reasonable settlement of the claim in good faith and may then maintain an action against the insurer to recover the amount of the settlement." Fuller-Austin Insulation Co. v. Highlands Ins. Co., 135 Cal. App. 4th 958, 984 (2006) (citing Isaacson v. California Ins. Guarantee Ass'n, 44 Cal. 3d 775, 791 (1988)) (internal quotations and citation omitted). The recovery of such settlement amounts is part of the available relief for a breach of the insurer's duty to defend under a liability policy. See Everett Assocs., Inc. v. Transcontinental Ins. Co., 159 F. Supp. 2d 1196, 1209 (N.D. Cal. 2001) (interpreting California law) (noting that the recovery of settlement costs as damages for a failure to defend "parallels the process for recovering damages rendered in final judgments"). Here, Defendants have not moved for summary judgment with respect to Plaintiff's first claim for breach of the duty to defend, and the Court thus does not address whether Defendants must reimburse Plaintiff for settlement costs under this theory.